UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>               Plaintiff,<br>    v.<br>ALFONZO WILLIAMS,<br>               Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER DENYING DEFENDANT MERCADO'S MOTION TO SEVER**<br>Re: Dkt. No. 105 |

    Defendant Lupe Mercado moves to sever her case from the other nine defendants in the government's racketeering case involving the Central Divis Playas ("CDP"). Dkt. No. 105. The Superseding Indictment includes one RICO count against the other nine defendants and eight VICAR counts against eight of the defendants. Mercado points out not only that she was not charged in the RICO portion of the case, but that she was party to only one of thirty-one overt acts (the murder of Calvin Sneed) and that she is the only defendant charged as an accessory after the fact, named in only four of seventeen counts. She portrays herself as a bit player in what will be a lengthy trial that is a long way away, and argues that she will suffer a prejudicial spillover effect by her inclusion in this matter.

    The government disputes Mercado's assertion that she had no association with CDP. It asserts that she is charged in the VICAR murder of Calvin Sneed and that, in addition, she is charged with the use, possession, brandishing or discharge of a firearm in furtherance of a crime of violence (in connection with the same murder), with using a firearm resulting in that murder, and as an accessory to those crimes. Dkt. No. 110, p.2. It argues that the murder of Calvin Sneed is a material part of its case against the defendants and that, if I sever Mercado's case from the other defendants, the government will have to prove up the same racketeering enterprise in order to

convict Mercado of the VICAR murder as it would in the main case against the other defendants.

The question I must decide is whether a jury may not reasonably be expected to consider and appraise the evidence against Mercado in the case as currently constituted and whether limiting instructions would not cure potential prejudice. *United States v. Vaccaro*, 816 F.2d 443, 449 (9th Cir. 1987). There is always some potential for prejudice when there are co-defendants. *Id.* ("some prejudice is inherent in any joinder of defendants"). This decision, which is left to my discretion, depends on the balance between prejudice and judicial economy.

Because I am not persuaded that there is manifest prejudice to Mercado by being included in this case, and because the interests of judicial economy favor trying the underlying facts just once, I DENY the motion to sever. A jury can fairly assess Mercado's ability to differentiate herself and her acts from the other defendants and their acts. Jurors should be able to keep the evidence concerning Mercado separate in their minds from the evidence regarding the other defendants. Limiting instructions will help ensure that she does not suffer spillover prejudice. In contrast, if I granted this motion to sever, the evidence against Mercado could not be segregated into a separate trial--evidence regarding the racketeering enterprise would have to be presented in both cases. While there is a dispute concerning the extent to which the evidence would overlap, it seems apparent that the overlap would be substantial. The burden on the government, the witnesses and the Court would be significant if the evidence had to be presented twice.

Mercado relied on *United States v. DiNome*, 954 F.2d 839 (2d Cir. 1992) in support of her motion, but her circumstances are not similar to the one faced by the Hellmans in that case--they had a small, segregable part in a massive Mafia trial that lasted for sixteen months. Instead, Mercado's situation is much more like the one faced by the defendants in *United States v. Vaccaro*, 816 F.2d 443, 448-49 (9th Cir. 1987), where there was a small percentage of evidence in the case against all defendants that directly implicated those who sought severance but a much greater percentage of evidence that was relevant to the charges against them, leading to the conclusion that severance was not appropriate.

On the basis of the record before the Court, given the lack of manifest prejudice to Ms.

Mercado and the burden on judicial economy, Mercado's motion to sever is DENIED.[1]

**IT IS SO ORDERED**.

Dated: August 8, 2014



WILLIAM H. ORRICK
United States District Judge

---

[1] Mercado moved to strike the sur-reply filed by the government. Dkt. No. 114. I GRANT that motion since Mercado's reply brief did not raise any new argument that the government needed to respond to.

3