# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**FILED**

AUG 1 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ALFONZO WILLIAMS et al.,

DEFENDANT(S).

---

# SECOND SUPERSEDING INDICTMENT

18 U.S.C. § 1962(d) – RICO Conspiracy; 18 U.S.C. § 1959(a)(1) – VICAR Murder; 18 U.S.C. §1959(a)(3) – VICAR Assault With a Dangerous Weapon; 18 U.S.C. §1959(a)(2) – VICAR Maiming; 18 U.S.C. § 924(c) – Use of Firearm During Crime of Violence; 18 U.S.C. § 924(j) – Murder With a Firearm; 18 U.S.C. § 3 – Accessory After the Fact; 18 U.S.C. § 2422(b) – Attempted Enticement of a Minor to Engage in Prostitution; 18 U.S.C. § 2422(a) – Attempted Enticement of Individual to Travel for Prostitution

A true bill.

_Nancy J. Peterson_
Foreman

Filed in open court this _14th_ day of

_August 2014_

_____ Clerk

Bail, $ _No Sum_

_Nathanael Cousins_
United States Magistrate Judge

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                  ☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

See Attachment                          ☐ Petty
                                         ☐ Minor
                                         ☐ Misde-
                                            meanor
PENALTY:   See Attachment                ☒ Felony

─────── **PROCEEDING** ───────

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:                SHOW DOCKET NO.
  ☐ U.S. ATTORNEY   ☐ DEFENSE   }

☐ this prosecution relates to a pending case involving this same defendant                    MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under   }

_____

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    DAMALI A. TAYLOR

**FILED**

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION   AUG 14 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **DEFENDANT - U.S** ───

JAQUAIN YOUNG

DISTRICT COURT NUMBER

CR-13-0764-WHO

─────── **DEFENDANT** ───────

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal  ☒ State

6) ☐ Awaiting trial on other charges }
       If answer to (6) is "Yes", show name of institution

_____

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No     give date   }   _____
                                filed

**DATE OF ARREST**          Month/Day/Year  _____

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**  ▶   Month/Day/Year
**TO U.S. CUSTODY**       _____

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance        *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

_____

_____           Date/Time: _____   Before Judge: _____

Comments:

ATTACHMENT TO PENALTY SHEET

VIOLATIONS – 18 U.S.C. § 1962(d) – RICO Conspiracy; 18 U.S.C. § 1959(a)(1) – VICAR Murder; 18 U.S.C. §1959(a)(3) – VICAR Assault With a Dangerous Weapon; 18 U.S.C. §1959(a)(2) – VICAR Maiming; 18 U.S.C. § 924(c) – Use of Firearm During Crime of Violence; 18 U.S.C. § 924(j) – Murder With a Firearm; 18 U.S.C. § 3 – Accessory After the Fact; 18 U.S.C. § 2422(b) – Attempted Enticement of a Minor to Engage in Prostitution; 18 U.S.C. § 2422(a) – Attempted Enticement of Individual to Travel for Prostitution

**FILED**

AUG 1 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



FILED

AUG 1 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Count One (RICO Conspiracy)**

Not more than life imprisonment; not more than $250,000 fine; not more than five years of supervised release; $100 special assessment

**Count Two (VICAR Murder of Calvin Sneed)**

Not less than life imprisonment; not more than $250,000 fine; not more than five years of supervised release; $100 special assessment.

**Counts Six and Seven (VICAR Murders of Andre Helton and Isaiah Turner)**

Not less than life imprisonment or death; not more than $250,000 fine; not more than five years of supervised release; $100 special assessment.

**Count Eighteen (VICAR Murder of Jelvon Helton)**

Not less than life imprisonment; not more than $250,000 fine; not more than five years of supervised release; $100 special assessment.

**Count Fourteen (VICAR Maiming of Victim 2)**

Not more than 30 years imprisonment; not more than $250,000 fine; not more than five years of supervised release; $100 special assessment.

**Counts Ten and Thirteen (VICAR Assaults with a Dangerous Weapon of Victim 2 and Victim 3)**

Not more than 20 years imprisonment; not more than $250,000 fine; not more than three years of supervised release; $100 special assessment.

**Counts Nine and Twelve (VICAR Attempt Murder of Victim 2 and Victim 3)**

Not more than 10 years imprisonment; not more than $250,000 fine; not more than three years of supervised release; $100 special assessment.

**Count Three, Eleven, Fifteen and Nineteen (Use/Brandish/Discharge Firearm)**

FILED

AUG 1 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Not less than 10 years imprisonment consecutive to any term of imprisonment for other offenses; not more than $250,000 fine; not more than three years supervised release; $100 special assessment.

## Counts Four, Eight and Twenty (Use of Firearm in Murder)

Not more than life imprisonment; not more than $250,000 fine; not more than five years supervised release; $100 special assessment.

## Count Five (Accessory After the Fact)

Not more than 15 years imprisonment; not more than $250,000 fine; not more than three years supervised release; $100 special assessment.

## Counts Sixteen and Twenty One (Attempt to Persuade an Individual to Travel for Prostitution)

Not less than 10 years imprisonment and not more than life; not more than $250,000 fine; not more than five years supervised release; $100 special assessment

## Counts Seventeen and Twenty Two (Attempt to Persuade a Minor to Engage in Prostitution)

Not more than 20 years imprisonment; not more than $250,000 fine; not more than three years supervised release; $100 special assessment

1 | MELINDA HAAG (CABN 132612)
United States Attorney

**FILED**

AUG 1 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA | ) | CASE NO. CR 13-0764 WHO |
|---|---|---|
| v. | ) | SECOND SUPERSEDING INDICTMENT |
| ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly;" | ) | VIOLATIONS – 18 U.S.C. § 1962(d) – RICO Conspiracy; 18 U.S.C. § 1959(a)(1) – VICAR |
| ANTONIO GILTON, a/k/a "TG," a/k/a "Tone;" | ) | Murder; 18 U.S.C. §1959(a)(3) – VICAR Assault With a Dangerous Weapon; 18 U.S.C. §1959(a)(2) – |
| BARRY GILTON, a/k/a "Prell;" | ) | VICAR Maiming; 18 U.S.C. § 924(c) – Use of |
| LUPE MERCADO; | ) | Firearm During Crime of Violence; 18 U.S.C. § |
| ADRIAN GORDON, a/k/a "Tit;" | ) | 924(j) – Murder With a Firearm; 18 U.S.C. § 3 – |
| REGINALD ELMORE, a/k/a "Fat Reg;" | ) | Accessory After the Fact; 18 U.S.C. § 2422(b) – |
| CHARLES HEARD, a/k/a "Cheese;" | ) | Attempted Enticement of a Minor to Engage in |
| ESAU FERDINAND, a/k/a "Sauce;" | ) | Prostitution; 18 U.S.C. § 2422(a) – Attempted |
| PAUL ROBESON, a/k/a "P World;" | ) | Enticement of Individual to Travel for Prostitution |
| MONZELL HARDING, JR.; and | ) | |
| JAQUAIN YOUNG, a/k/a "Loc;" | ) | SAN FRANCISCO VENUE |
| | ) | |
| Defendants. | ) | |

## SECOND SUPERSEDING INDICTMENT

At all times relevant to the Second Superseding Indictment:

COUNT ONE: (18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a

Pattern of Racketeering Activity)

The Racketeering Enterprise

1

1.      Central Divisadero Players, also known as "Central Divisadero Playas," also known as "Central Divis Playas," also known as the "CDP" gang (hereafter "CDP"), is a violent street gang with members operating in the City and County of San Francisco, whose activities have affected other parts of the United States.  The members of CDP primarily conduct their activities in the Western Addition or Fillmore neighborhoods of San Francisco, centered in the area of Central and Divisadero Streets.  CDP has been in existence since at least the mid-1990s.

2.      Some members of CDP signify their membership by wearing tattoos reading "CDP," "237," "D Block," "D Boys," "Banga," "Uptown," or similar words and symbols.  Also, CDP members from time to time have marked their territory or signified their presence through use of graffiti, clothing, social media, and hand signs.  Some CDP members have hidden tattoos in order to avoid detection by law enforcement or opted not to utilize tattoos and symbols.  CDP members frequently refer to one another by their gang names or monikers.  CDP members have displayed gang signs by, among other things, forming the letters "c" and "d" with their hands or signifying "Uptown" by placing two fists together with the thumbs up to form a "U."  CDP members also used the numbers "237" to signify CDP, as those are the numbers corresponding to spelling CDP on a telephone keypad.

3.      Members of CDP have been expected to protect the name, reputation, and status of the gang and its individual members from harm, insult, or disrespect by rival gang members and other persons.  CDP members required that all individuals show respect and deference to the gang, its membership and associates, and the families associated with the gang.  To protect the gang and to enhance its reputation, CDP members have been expected to use any means necessary to force respect from those who showed disrespect, including acts of intimidation and violence.

4.      Members of CDP have engaged in criminal activity, including murder, attempted murder, narcotics distribution, assault, robbery, extortion, interstate transportation in aid of racketeering, pimping, pimping of minors, illegal firearms possession, and obstruction of justice by threatening and intimidating witnesses whom they believed to be cooperating with law enforcement and by destroying evidence and providing false information to law enforcement. CDP members have committed acts of violence to maintain and enhance membership and discipline within the gang, including violence against rival gang members, those perceived to be rival gang members, rivals in general, those who disrespected

1  or committed violence against CDP members, friends or family, as well as CDP members and associates
2  who violated the gang's rules.

3  5.      CDP has worked cooperatively with other gangs in the Western Addition to engage in criminal
4  activity and to assist one another in avoiding detection by law enforcement.  The groups that CDP aligns
5  with collectively call themselves "Uptown."  Uptown  includes CDP, Chopper City, a/k/a "223," Mac
6  Block, 800 Block, Page Street Mob, a/k/a "PST," and Knock Out Posse, a/k/a "KOP," a/k/a "KO."  In or
7  around 2008, one of these groups, KOP, became a violent rival of CDP.  The principal rivals to CDP are
8  gang members of a Western Addition gang called Eddy Rock, a/k/a "Outta Control," a/k/a "OC," who
9  also referred to themselves as the Downtown faction of the Western Addition.

10  6.      There are leaders of CDP.  While they have no official titles, there are individuals who are
11  feared, respected, and whose directions have been followed by other members.  Below the leaders are
12  "shooters," those gang members who have been prepared and known to commit violence on behalf of
13  the gang and to protect each other.  Below the shooters are gang members who have dealt narcotics,
14  pimped out women and/or minors, or who commit robberies, but who were either hesitant to commit
15  other violent acts on behalf of the gang, or who had not had an opportunity to commit other violent acts.

16  7.      CDP members have communicated about gang activities with other CDP members using mobile
17  telephones, telephone text messages, and other modes of electronic and wire communications.

18  8.      CDP, including its leadership, members, and associates constituted an "enterprise" as defined in
19  Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was
20  engaged in, and its activities affected interstate and foreign commerce.  The enterprise constituted an
21  ongoing organization whose members functioned as a continuing unit that had a common purpose of
22  achieving the objectives of the enterprise.

23  Purposes of the Enterprise

24  9.      The purposes of the CDP gang enterprise, including its members and associates, have included,
25  but is not limited to, the following:

26       a.      Preserving and protecting the power, territory, reputation, and profits of the enterprise, its
27  members, and family members, through the use of intimidation, violence, threats of violence, assaults,
28  and murder;

3

b.     Promoting and enhancing the enterprise and the activities of its members and associates, including, but not limited to, murder, attempted murder, conspiracy to murder, narcotics trafficking, robbery, pimping, and other criminal activities;

c.     Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence;

d.     Providing financial support and information to CDP members, including those who were incarcerated; and

e.     Providing assistance to other CDP members who committed crimes for and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

The Means and Methods of the Enterprise

10.     The means and methods by which the defendants and other members and associates of CDP have conducted and participated in the conduct of the affairs of CDP included, but were not limited to:

a.     Members of CDP protected and expanded the enterprise's criminal operation by committing, attempting, and threatening to commit violence, including murder, assaults, intimidation, and threats of violence directed against rival gang members, rivals in general, those who disrespected CDP, its members, associates, and families, and potential witnesses to the crimes of the enterprise;

b.     Members of CDP promoted a climate of fear through intimidation, violence, and threats of violence intended to promote the authority of the enterprise and its members and insulate its members from prosecution for the criminal actions of the enterprise;

c.     Members of CDP used the enterprise to murder, attempt to murder, assault, and threaten those who posed a threat to the enterprise; and

d.     The activities of the CDP enterprise affected interstate commerce.  Members and associates traveled in interstate and foreign commerce, and affected interstate and foreign commerce to conduct the affairs of the enterprise.

11.     It was part of the means and methods of the enterprise that the defendants and other members and associates of CDP discussed with other members and associates of CDP, among other things, the membership and rules of CDP; the status of CDP members and associates who were arrested or

1   incarcerated; the disciplining of CDP members; CDP members' encounters with law enforcement; the

2   identities of individuals suspected of cooperating with law enforcement and the proposed actions to be

3   taken against them; plans and agreements regarding the commission of future crimes, including murder,

4   robbery, extortion, narcotics distribution, illegal possession of firearms, and assault, as well as ways to

5   conceal these crimes; and the enforcement of the rules of CDP.

6   12.    It was further part of the means and methods of the enterprise that the defendants and other

7   members and associates of CDP agreed to purchase, possess, maintain, use, and circulate a collection of

8   firearms for use in criminal activity by the members and associates of CDP.

9   13.    It was further part of the means and methods of the enterprise that the defendants and other

10   members and associates of CDP agreed that acts of violence, including murder, attempted murder, and

11   assault, would be committed by members and associates of CDP against rival gang members and others

12   when it suited the enterprise's purposes.

13   14.    It was further part of the means and methods of the enterprise that the defendants and other

14   members and associates of CDP agreed to distribute narcotics, to commit robbery, extortion, to engage

15   in pimping, including the pimping of minors, and other crimes, and to conceal their criminal activities

16   by obstructing justice, threatening and intimidating witnesses, and other means.

17   The Racketeering Conspiracy

18   15.    Beginning on a date unknown to the Grand Jury but since at least the mid-1990s, and continuing

19   up through and including the present, in the Northern District of California and elsewhere, the

20   defendants,

21                   ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly,"

22                   ANTONIO GILTON, JR., a/k/a "TG,"

23                   BARRY GILTON, a/k/a "Prell,"

24                   ADRIAN GORDON, a/k/a "Tit,"

25                   REGINALD ELMORE, a/k/a "Fat Reg,"

26                   CHARLES HEARD, a/k/a "Cheese,"

27                   ESAU FERDINAND, a/k/a "Sauce,"

28                   PAUL ROBESON, a/k/a "P World,"

MONZELL HARDING. JR., and

JAQUAIN YOUNG, a/k/a "Loc,"

together with others known and unknown to the Grand Jury, each being a person employed by and associated with CDP, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the CDP enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

a.       multiple acts and threats involving murder, in violation of California Penal Code Sections 187, 188, 189, 182, 21a, 664, 653f, and 422; robbery, in violation of California Penal Code Sections 211, 212, 212.5, 213, 182, 21a, and 664; and extortion, in violation of California Penal Code Sections 518, 519, 520, 524, 664, and 182;

b.       multiple acts involving dealing in controlled substances, in violation of 21 U.S.C. Sections 841(a)(1) and 846; and

c.       multiple acts indictable under 18 U.S.C. Section 2422 (coercion and enticement of a person to engage in prostitution).

16.       It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Overt Acts

17.       In furtherance of the conspiracy and in order to effectuate the object thereof, the defendants and their co-conspirators, and others both known and unknown to the Grand Jury, in various combinations, directly and indirectly, within the Northern District of California and elsewhere, committed overt acts, including, but not limited to, the following:

a.       On or about April 6, 1997, ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly," possessed approximately 13 ounces of cocaine base.

b.       On or about August 3, 2002, defendant JAQUAIN YOUNG persuaded, induced, enticed, and coerced an individual under the age of sixteen to engage in prostitution.

6

1        c.     On or about January 13, 2003, CHARLES HEARD, PAUL ROBESON and another CDP

2   member, now deceased, were together when HEARD and the other CDP member were found in

3   possession of approximately 4.83 grams of cocaine base.

4        d.     On or about April 3, 2003, CHARLES HEARD, accompanied by another CDP member,

5   now deceased, possessed a 9 mm firearm in a vehicle.

6        e.     On or about March 18, 2004, PAUL ROBESON possessed 40 packaged rocks

7   (approximately 4.73 grams) of cocaine base.

8        f.     On or about February 26, 2005, CHARLES HEARD possessed a firearm.

9        g.     On or about May 23, 2005, ESAU FERDINAND possessed approximately 5.17 grams

10   gross of cocaine base.

11        h.     On or about August 6, 2005, PAUL ROBESON harassed and attempted to recruit an

12   individual to work for ROBESON as his prostitute with ROBESON as her pimp.

13        i.     On or about November 16, 2005, PAUL ROBESON enticed a minor to engage in

14   prostitution.

15        j.     In or around 2005, JAQUAIN YOUNG threatened a witness in retaliation for that witness

16   reporting a crime.

17        k.     On or about February 4, 2007, CHARLES HEARD, in the company of another CDP

18   member, possessed a firearm and ammunition.

19        l.     On or about March 10, 2007, PAUL ROBESON attempted to kidnap a woman by trying

20   to force her into a vehicle.

21        m.     On or about April 6, 2007, ANTONIO GILTON carried a loaded, concealed firearm in

22   his vehicle.

23        n.     On or about April 24, 2007, REGINALD ELMORE possessed a 9 mm Berretta firearm.

24        o.     On or about May 1, 2008, ANTONIO GILTON possessed approximately 9.84 grams

25   gross of cocaine base.

26        p.     On or about May 13, 2008, ESAU FERDINAND, accompanied by REGINALD

27   ELMORE, and others, was found in possession of a .40 caliber Taurus pistol and ammunition.

28

1   q.   On or about June 30, 2008, ALFONZO WILLIAMS and a KOP gang member used

2   coded language to discuss a sale of a quarter kilogram of cocaine from WILIAMS to the KOP gang

3   member.

4   r.   On or about July 4, 2008, ADRIAN GORDON possessed a .45 caliber Llama firearm.

5   s.   On or about July 16, 2008, HEARD gave a KOP gang member advice about how to rob

6   people of expensive pieces of jewelry and about where and how to pawn the jewelry.  On the same date,

7   using coded language, they also discussed how much HEARD was charging for a kilogram of cocaine.

8   t.   On or about August 14, 2008, REGINALD ELMORE and CHARLES HEARD killed

9   Andre Helton and Isaiah Turner.

10   u.   On or about November 25, 2008, CHARLES HEARD killed Richard Barrett.

11   v.   On or about January 8, 2009, REGINALD ELMORE brandished and discharged a 9 mm

12   assault style pistol during the funeral of a rival gang member.

13   w.   On or about October 6, 2009, MONZELL HARDING, JR., ESAU FERDINAND, and

14   others known and unknown, attempted to intimidate a testifying witness during a court hearing

15   concerning the November 25, 2008 murder of Richard Barrett.

16   x.   On or about January 15, 2010, MONZELL HARDING, JR., robbed an iPod from Victim

17   1.

18   y.   On or about November 1, 2010, JAQUAIN YOUNG killed Jelvon Helton.

19   z.   On or about April 3, 2011, ESAU FERDINAND, a/k/a "Sauce," using a firearm, robbed

20   and shot Victim 2.

21   aa.   On or about May 20, 2011, ADRIAN GORDON, a/k/a "Tit," attempted to kill Victim 3.

22   bb.   On or about November 5, 2011, ADRIAN GORDON, a/k/a "Tit," robbed United States

23   currency and a cellular telephone from Victim 4.

24   cc.   On or about June 4, 2012, the defendants: ALFONZO WILLIAMS, ANTONIO

25   GILTON, BARRY GILTON, and LUPE MERCADO killed Calvin Sneed.

26   dd.   From on or about August 9, 2012, up to and including on or about March 11, 2013,

27   defendant JAQUAIN YOUNG attempted to persuade, induce, entice, and coerce an individual to travel

28   in interstate commerce to engage in prostitution.

8

1      ee.      From on or about August 9, 2012, up to and including on or about March 11, 2013,

2 defendant JAQUAIN YOUNG attempted to persuade, induce, entice, and coerce a minor to engage in

3 prostitution.

4      ff.      From on or about October 1, 2012, up to and including on or about October 10, 2012,

5 defendant PAUL ROBESON attempted to persuade, induce, entice, and coerce an individual to travel in

6 interstate commerce to engage in prostitution.

7      gg.      From on or about October 1, 2012, up to and including on or about October 10, 2012,

8 defendant PAUL ROBESON attempted to persuade, induce, entice, and coerce a minor to engage in

9 prostitution.

10      hh.      On or about November 24, 2012, REGINALD ELMORE and an admitted CDP member

11 were found and arrested together in a car in possession of a 9 mm firearm and 11 rounds of ammunition.

12      ii.      On or about December 17, 2013, ADRIAN GORDON, several other members of CDP,

13 and others, were together in a residence where four firearms were found.

14      All in violation of Title 18, United States Code, Section 1962(d).

15

16 COUNT TWO: (18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering of Calvin Sneed)

17 18.      Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

18 by reference as though fully set forth herein.

19 19.      At all times relevant to this Second Superseding Indictment, CDP, including its leadership,

20 membership and associates, constituted an enterprise as defined in Title 18, United States Code, Section

21 1959(b)(2), that is a group of individuals associated in fact that was engaged in, and the activities of

22 which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization

23 whose members functioned as a continuing unit for a common purpose of achieving the objectives of the

24 enterprise.

25 20.      At all times relevant to this Second Superseding Indictment, the CDP enterprise, through its

26 members and associates, engaged in racketeering activity, as defined in Title 18, United States Code,

27 Section 1959(b)(1) and 1961(1), namely multiple acts and threats involving murder, in violation of

28 California Penal Code Sections 187, 188, 189, 182, 21a, 664, 653f and 422; robbery, in violation of

9

California Penal Code Sections 211, 212, 212.5, 213, 182, 21a and 664; and extortion, in violation of California Penal Code Sections 518, 519, 520, 524, 664, and 182; dealing in controlled substances, in violation of 21 U.S.C. Sections 841(a)(1) and 846; and acts indictable under 18 U.S.C. Section 2422 (coercion and enticement of a person to engage in prostitution).

21.     On or about June 4, 2012, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the CDP enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in CDP, an enterprise engaged in racketeering activity, the defendants,

ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly,"

ANTONIO GILTON, a/k/a "TG,"

BARRY GILTON, a/k/a "Prell," and

LUPE MERCADO,

each aided and abetted by the other, unlawfully and knowingly did murder Calvin Sneed, in violation of California Penal Code Sections 187, 188, 189, and 31-33.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

COUNT THREE: (18 U.S.C. § 924(c)(1)(A) – Use/Possession/Brandishing/Discharge of Firearm in Furtherance of a Crime of Violence)

22.     Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

23.     On or about June 4, 2012, in the Northern District of California, the defendants,

ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly,"

ANTONIO GILTON, a/k/a "TG,"

BARRY GILTON, a/k/a "Prell," and

LUPE MERCADO,

each aided and abetted by the other, unlawfully and knowingly did use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Calvin Sneed charged in Count Two of this

1  Second Superseding Indictment, and did possess, brandish and discharge a firearm in furtherance of the

2  offense charged in Count Two of this Indictment.

3      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

4

5  COUNT FOUR: (18 U.S.C. § 924(j) – Use/Possession of a Firearm in Murder)

6  24.    Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

7  by reference as though fully set forth herein.

8  25.    On or about June 4, 2012, in the Northern District of California, the defendants,

9                      ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly,"

10                     ANTONIO GILTON, a/k/a "TG,"

11                     BARRY GILTON, a/k/a "Prell," and

12                     LUPE MERCADO,

13  each aided and abetted by the other, unlawfully and knowingly, during and in relation to a crime of

14  violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of

15  racketeering of Calvin Sneed charged in Count Two of this Second Superseding Indictment, did use and

16  carry a firearm, and in furtherance of such crime, did possess a firearm, and in the course of that crime

17  did cause the death of a person through the use of a firearm, which killing is murder as defined in Title

18  18, United States Code, Section 1111(a), namely, the defendants caused the death of Calvin Sneed by

19  discharging a firearm at Calvin Sneed.

20      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

21

22  COUNT FIVE: (18 U.S.C. § 3 – Accessory After the Fact)

23  26.    Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

24  by reference as though fully set forth herein.

25  27.    From on or about June 4, 2012, up to June 9, 2012, in the Northern District of California, the

26  defendant,

27                     LUPE MERCADO,

28

11

1  knowing that offenses against the United States had been committed, namely the murder and unlawful

2  use of firearms as charged in Counts Two, Three, and Four of the Second Superseding Indictment,

3  unlawfully and knowingly did receive, relieve, comfort and assist the offenders in order to hinder and

4  prevent their apprehension, trial, and punishment for those offenses.

5      All in violation of Title 18, United States Code, Section 3.

6

7  COUNT SIX: (18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering of Andre Helton)

8  28.    Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and

9  incorporated by reference as though fully set forth herein.

10 29.    On or about August 14, 2008, in the Northern District of California, as consideration for the

11 receipt of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the

12 CDP enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in

13 CDP, an enterprise engaged in racketeering activity, the defendants,

14                    REGINALD ELMORE, a/k/a "Fat Reg," and

15                    CHARLES HEARD, a/k/a "Cheese,"

16 each aided and abetted by the other, unlawfully and knowingly did murder Andre Helton, in violation of

17 California Penal Code Sections 187, 188, 189, and 31-33.

18      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

19

20 COUNT SEVEN: (18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering of Isaiah Turner)

21 30.    Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and

22 incorporated by reference as though fully set forth herein.

23 31.    On or about August 14, 2008, in the Northern District of California, as consideration for the

24 receipt of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the

25 CDP enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in

26 CDP, an enterprise engaged in racketeering activity, the defendants,

27                    REGINALD ELMORE, a/k/a "Fat Reg," and

28                    CHARLES HEARD, a/k/a "Cheese,"

1 | each aided and abetted by the other, unlawfully and knowingly did murder Isaiah Turner, in violation of

2 | California Penal Code Sections 187, 188, 189, and 31-33.

3 |    All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

4 |

5 | COUNT EIGHT: (18 U.S.C. § 924(j) – Use/Possession of a Firearm in Murder)

6 | 32. Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

7 | by reference as though fully set forth herein.

8 | 33. On or about August 14, 2008, in the Northern District of California, the defendants,

9 | REGINALD ELMORE, a/k/a "Fat Reg," and

10 | CHARLES HEARD, a/k/a "Cheese,"

11 | each aided and abetted by the other, unlawfully and knowingly, during and in relation to a crime of

12 | violence for which they may be prosecuted in a court of the United States, namely, the murders in aid of

13 | racketeering of Andre Helton and Isaiah Turner charged in Counts Six and Seven of this Second

14 | Superseding Indictment, did use and carry a firearm, and in furtherance of those crimes, did possess a

15 | firearm, and in the course of those crimes did cause the death of a person through the use of a firearm,

16 | which killing is murder as defined in Title 18, United States Code, Section 1111(a), namely, the

17 | defendants caused the deaths of Andre Helton and Isaiah Turner by discharging a firearm at Andre

18 | Helton and Isaiah Turner.

19 |    All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

20 |

21 | COUNT NINE: (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim 3)

22 | 34. Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and

23 | incorporated by reference as though fully set forth herein.

24 | 35. On or about May 20, 2011, in the Northern District of California, as consideration for the receipt

25 | of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the CDP

26 | enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in CDP,

27 | an enterprise engaged in racketeering activity, the defendant,

28 | ADRIAN GORDON, a/k/a "Tit,"

13

1 together with others known and unknown, unlawfully and knowingly did attempt to murder Victim 3, in

2 violation of California Penal Code Sections 187, 188, 189, 21a, 31-33, and 664.

3      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

4

5 COUNT TEN: (18 U.S.C. §1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering on

6 Victim 3)

7 36.    Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and

8 incorporated by reference as though fully set forth herein.

9 37.    On or about May 20, 2011, in the Northern District of California, as consideration for the receipt

10 of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the CDP

11 enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in CDP,

12 an enterprise engaged in racketeering activity, the defendant,

13                          ADRIAN GORDON, a/k/a "Tit,"

14 together with others known and unknown, unlawfully and knowingly did assault with a dangerous

15 weapon, in violation of California Penal Code Section 245(a)(2) and 31-33, to wit, the defendant did

16 assault with a firearm Victim 3.

17

18 COUNT ELEVEN: (18 U.S.C. § 924(c)(1)(A) – Use/Possession/Brandishing/Discharge of Firearm in

19 Furtherance of Crime of Violence)

20 38.    Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

21 by reference as though fully set forth herein

22 39.    On or about May 20, 2011, in the Northern District of California, the defendant,

23                          ADRIAN GORDON, a/k/a "Tit,"

24 together with others known and unknown, unlawfully and knowingly did use, carry, brandish and

25 discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a

26 court of the United States, namely, the attempted murder in aid of racketeering and assault with a

27 dangerous weapon in aid of racketeering of Victim 3 charged in Counts Nine and Ten of this Second

28

14

1  Superseding Indictment, and did possess, brandish and discharge a firearm in furtherance of the offenses
2  charged in Counts Nine and Ten of this Second Superseding Indictment.

3      All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

4

5  COUNT TWELVE: (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim 2)
6  40.    Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and
7  incorporated by reference as though fully set forth herein.
8  41.    On or about April 3, 2011, in the Northern District of California, as consideration for the receipt
9  of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the CDP
10  enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in CDP,
11  an enterprise engaged in racketeering activity, the defendant,

12                  ESAU FERDINAND, a/k/a "Sauce,"

13  together with others known and unknown, unlawfully and knowingly did attempt to murder Victim 2, in
14  violation of California Penal Code Sections 187, 188, 189, 21a, 31-33, and 664.

15      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

16

17  COUNT THIRTEEN: (18 U.S.C. §1959(a)(3)  – Assault with a Dangerous Weapon in Aid of
18  Racketeering on Victim 2)

19  42.    Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and
20  incorporated by reference as though fully set forth herein.

21  43.    On or about April 3, 2011, in the Northern District of California, as consideration for the receipt
22  of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the CDP
23  enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in CDP,
24  an enterprise engaged in racketeering activity, the defendant,

25                  ESAU FERDINAND, a/k/a "Sauce,"

26  together with others known and unknown, unlawfully and knowingly did assault with a dangerous
27  weapon, in violation of California Penal Code Section 245(a)(2) and 31-33, to wit, the defendant did
28  assault with a firearm Victim 2.

                                                                                    15

1    All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

2

3    COUNT FOURTEEN: (18 U.S.C. §1959(a)(2)  – Maiming in Aid of Racketeering on Victim 2)

4    44.    Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and

5    incorporated by reference as though fully set forth herein.

6    45.    On or about April 3, 2011, in the Northern District of California, as consideration for the receipt

7    of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the CDP

8    enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in CDP,

9    an enterprise engaged in racketeering activity, the defendant,

10                              ESAU FERDINAND, a/k/a "Sauce,"

11    together with others known and unknown, unlawfully and knowingly did maim Victim 2, in violation of

12    California Penal Code Section 203 and 31-33.

13        All in violation of Title 18, United States Code, Sections 1959(a)(2) and 2.

14

15    COUNT FIFTEEN: (18 U.S.C. § 924(c)(1)(A) – Use/Possession/Brandishing/Discharge of Firearm in

16    Furtherance of Crime of Violence)

17    46.    Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

18    by reference as though fully set forth herein.

19    47.    On or about April 3, 2011, in the Northern District of California, the defendant,

20                              ESAU FERDINAND, a/k/a "Sauce,"

21    together with others known and unknown, unlawfully and knowingly did use, carry, brandish and

22    discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a

23    court of the United States, namely, the attempted murder, assault with a dangerous weapon, and

24    maiming, in aid of racketeering of Victim 2 charged in Counts Eleven through Thirteen of this Second

25    Superseding Indictment, and did possess and brandish and discharge a firearm in furtherance of the

26    offenses charged in Counts Eleven through Thirteen of this Second Superseding Indictment.

27        All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

28

16

COUNT SIXTEEN: (18 U.S.C. § 2422(a) – Attempt to Entice and Persuade an Individual to Travel for Prostitution)

48.     Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

49.     From on or about October 1, 2012, up to and including on or about October 10, 2012, in the Northern District of California, the defendant,

PAUL ROBESON, a/k/a "P World,"

unlawfully and knowingly did attempt to persuade, induce, entice, and coerce an individual to travel in interstate commerce to engage in prostitution.

All violation of Title 18, United States Code, Section 2422(a).

COUNT SEVENTEEN: (18 U.S.C. § 2422(b) – Attempt to Entice and Persuade a Minor to Engage in Prostitution)

50.     Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

51.     From on or about October 1, 2012, up to and including on or about October 10, 2012, in the Northern District of California, the defendant,

PAUL ROBESON, a/k/a "P World,"

using a facility and means of interstate and foreign commerce, unlawfully and knowingly did attempt to persuade, induce, entice, and coerce a person he believed had not attained the age of 18 years to engage in prostitution.

All in violation of Title 18, United States Code, Sections 2422(b).

COUNT EIGHTEEN: (18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering of Jelvon Helton)

52.     Paragraphs 1 through 14, 19 and 20 of this Second Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

53.     On or about November 1, 2010, in the Northern District of California, as consideration for the receipt of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the

17

1  CDP enterprise, and for the purpose of gaining entrance to and maintaining and increasing position in

2  CDP, an enterprise engaged in racketeering activity, the defendant,

3                            JAQUAIN YOUNG, a/k/a "Loc,"

4  unlawfully and knowingly did murder Jelvon Helton, in violation of California Penal Code Sections 187,

5  188, 189, and 31-33.

6        All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

7

8  COUNT NINETEEN: (18 U.S.C. § 924(c)(1)(A) – Use/Possession/Brandishing/Discharge of Firearm in

9  Furtherance of a Crime of Violence)

10  54.      Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

11  by reference as though fully set forth herein.

12  55.      On or about November 1, 2010, in the Northern District of California, the defendant,

13                            JAQUAIN YOUNG, a/k/a "Loc,"

14  unlawfully and knowingly did use, carry, brandish and discharge a firearm during and in relation to a

15  crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in

16  aid of racketeering of Jelvon Helton charged in Count Eighteen of this Second Superseding Indictment,

17  and did possess, brandish and discharge a firearm in furtherance of the offense charged in Count

18  Eighteen of this Second Superseding Indictment.

19        All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

20

21  COUNT TWENTY: (18 U.S.C. § 924(j) – Use/Possession of a Firearm in Murder)

22  56.      Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

23  by reference as though fully set forth herein.

24  57.      On or about November 1, 2010, in the Northern District of California, the defendant,

25                            JAQUAIN YOUNG, a/k/a "Loc,"

26  unlawfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted

27  in a court of the United States, namely, the murder in aid of racketeering of Jelvon Helton charged in

28  Count Eighteen of this Second Superseding Indictment, did use and carry a firearm, and in furtherance

1   of those crimes, did possess a firearm, and in the course of those crimes did cause the death of a person

2   through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section

3   1111(a), namely, the defendant caused the death of Jelvon Helton by discharging a firearm at Jelvon

4   Helton.

5      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

6

7   COUNT TWENTY ONE: (18 U.S.C. § 2422(a) – Attempt to Entice and Persuade an Individual to

8   Travel for Prostitution)

9   60.   Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

10  by reference as though fully set forth herein.

11  61.   From on or about August 9, 2012, up to and including on or about March 11, 2013, in the

12  Northern District of California, the defendant,

13                          JAQUAIN YOUNG, a/k/a "Loc,"

14  using a facility and means of interstate and foreign commerce, unlawfully and knowingly did attempt to

15  persuade, induce, entice, and coerce an individual to travel in interstate commerce to engage in

16  prostitution.

17      All violation of Title 18, United States Code, Section 2422(a).

18

19  COUNT TWENTY TWO: (18 U.S.C. § 2422(b) – Attempt to Entice and Persuade a Minor to Engage in

20  Prostitution)

21  62.   Paragraphs 1 through 14 of this Second Superseding Indictment are realleged and incorporated

22  by reference as though fully set forth herein.

23  63.   From on or about August 9, 2012, up to and including on or about March 11, 2013, in the

24  Northern District of California, the defendant,

25                          JAQUAIN YOUNG, a/k/a "Loc,"

26  unlawfully and knowingly did attempt to persuade, induce, entice, and coerce a person he believed had

27  not attained the age of 18 years to engage in prostitution.

28      All in violation of Title 18, United States Code, Sections 2422(b).

19

1  NOTICE OF SPECIAL SENTENCING FACTORS AS TO COUNT ONE

2  Number 1: Conspiracy to Commit Murder

3  64.     Beginning on a date unknown to the Grand Jury but since at least the mid-1990s, and continuing

4  up through and including the present, in the Northern District of California and elsewhere, the

5  defendants,

6                           ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly,"

7                           ANTONIO GILTON, JR., a/k/a "TG,"

8                           BARRY GILTON, a/k/a "Prell,"

9                           ADRIAN GORDON, a/k/a "Tit,"

10                          REGINALD ELMORE, a/k/a "Fat Reg,"

11                          CHARLES HEARD, a/k/a "Cheese,"

12                          ESAU FERDINAND, a/k/a "Sauce,"

13                          PAUL ROBESON, a/k/a "P World,"

14                          MONZELL HARDING. JR., and

15                          JAQUAIN YOUNG, a/k/a "Loc,"

16

17  together with others known and unknown to the Grand Jury, each being a person employed by and

18  associated with CDP, an enterprise engaged in, and the activities of which affected, interstate and

19  foreign commerce, unlawfully, knowingly, and intentionally did conspire to commit murder, in violation

20  of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed together and

21  with each other to kill, with malice aforethought, actual and suspected members of rival gangs,

22  individuals suspected of cooperating with law enforcement, and individuals who defied the will of CDP.

23

24  Number 2: ALFONZO WILLIAMS, ANTONIO GILTON, JR., BARRY GILTON AND LUPE

25  MERCADO – First Degree Murder of Calvin Sneed

26  65.     On or about June 4, 2012, in the Northern District of California, the defendants,

27                          ALFONZO WILLIAMS, a/k/a "Fonz," a/k/a "Relly,"

28                          ANTONIO GILTON, a/k/a "TG,"

20

1   BARRY GILTON, a/k/a "Prell," and

2   LUPE MERCADO,

3   unlawfully, wilfully and intentionally and with deliberation and premeditation, did kill, with malice

4   aforethought, Calvin Sneed, in violation of California Penal Code Sections 187, 188, and 189.

5

6   Number 3: REGINALD ELMORE AND CHARLES HEARD – First Degree Murder of Andre Helton

7   66.    On or about August 14, 2008, in the Northern District of California, the defendants,

8   REGINALD ELMORE, a/k/a "Fat Reg," and

9   CHARLES HEARD, a/k/a "Cheese,"

10  unlawfully, wilfully and intentionally and with deliberation and premeditation, did kill, with malice

11  aforethought, Andre Helton, in violation of California Penal Code Sections 187, 188, and 189.

12

13  Number 4: REGINALD ELMORE AND CHARLES HEARD – First Degree Murder of Isaiah Turner

14  67.    On or about August 14, 2008, in the Northern District of California, the defendants,

15  REGINALD ELMORE, a/k/a "Fat Reg," and

16  CHARLES HEARD, a/k/a "Cheese,"

17  unlawfully, wilfully and intentionally and with deliberation and premeditation, did kill, with malice

18  aforethought, Isaiah Turner, in violation of California Penal Code Sections 187, 188, and 189.

19

20  Number 5: ADRIAN GORDON – Attempted First Degree Murder of Victim 3

21  68.    On or about May 20, 2011, in the Northern District of California, the defendant,

22  ADRIAN GORDON, a/k/a "Tit,"

23  unlawfully, wilfully and intentionally and with deliberation and premeditation, did attempt to kill, with

24  malice aforethought, Victim 3, in violation of California Penal Code Sections 187, 188, 189, 21a and

25  664.

26

27  Number 6: ESAU FERDINAND – Attempted First Degree Murder of Victim 2

28  69.    On or about April 3, 2011, in the Northern District of California, the defendant,

21

1    ESAU FERDINAND, a/k/a "Sauce,"

2    unlawfully, wilfully and intentionally and with deliberation and premeditation, did attempt to kill, with

3    malice aforethought, Victim 2, in violation of California Penal Code Sections 187, 188, 189, 21a, and

4    664.

5

6    Number 7: JAQUAIN YOUNG – First Degree Murder of Jelvon Helton

7    70.    On or about November 1, 2010, in the Northern District of California, the defendant,

8    JAQUAIN YOUNG, a/k/a "Loc,"

9    unlawfully, wilfully and intentionally and with deliberation and premeditation, did kill, with malice

10   aforethought, Jelvon Helton, in violation of California Penal Code Sections 187, 188, and 189.

11

12   NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT REGINALD ELMORE

13   71.    The allegations set forth in Counts Six through Eight of this Second Superseding Indictment are

14   hereby realleged as if fully set forth herein and incorporated by reference.

15   72.    As to Counts Six through Eight of this Second Superseding Indictment, the defendant,

16   REGINALD ELMORE:

17        (1)    was 18 years of age or older at the time of the offense (Title 18, United States Code,

18   Section 3591(a));

19        (2)    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

20        (3)    intentionally inflicted serious bodily injury that resulted in the death of the victim (Title

21   18, United States Code, Section 3591(a)(2)(B));

22        (4)    intentionally participated in an act, contemplating that the life of a person would be taken

23   or intending that lethal force would be used in connection with a person, other than one of the

24   participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code,

25   Section 3591(a)(2)(C)); and

26        (5)    intentionally and specifically engaged in an act of violence, knowing that the act created

27   a grave risk of death to a person, other than one of the participants in the offense, such that participation

28

22

1    in the act constituted reckless disregard for human life and the victim died as a direct result of the act

2    (Title 18, United States Code, Section 3591(a)(2)(D));

3          (6)    in committing the offenses described in Counts Six through Eight of this Second

4    Superseding Indictment, the defendant committed the offenses as consideration for the receipt, and in

5    the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section

6    3592(c)(8));

7          (7)    in committing the offenses described in Counts Six through Eight of this Second

8    Superseding Indictment, the defendant acted after substantial planning and premeditation to cause the

9    death of a person (Title 18, United States Code, Section 3592(c)(9)); and

10         (8)    in committing the offenses described in Counts Six through Eight of this Second

11   Superseding Indictment, the defendant intentionally attempted to kill more than one person in a single

12   criminal episode  (Title 18, United States Code, Section 3592(c)(16)).

13

14   NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT CHARLES HEARD

15   73.    The allegations set forth in Counts Six through Eight of this Second Superseding Indictment are

16   hereby realleged as if fully set forth herein and incorporated by reference.

17   74.    As to Counts Six through Eight of this Second Superseding Indictment, the defendant,

18   CHARLES HEARD:

19         (1)    was 18 years of age or older at the time of the offense (Title 18, United States Code,

20   Section 3591(a));

21         (2)    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

22         (3)    intentionally inflicted serious bodily injury that resulted in the death of the victim (Title

23   18, United States Code, Section 3591(a)(2)(B));

24         (4)    intentionally participated in an act, contemplating that the life of a person would be taken

25   or intending that lethal force would be used in connection with a person, other than one of the

26   participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code,

27   Section 3591(a)(2)(C)); and

28

23

1    (5)    intentionally and specifically engaged in an act of violence, knowing that the act created

2  a grave risk of death to a person, other than one of the participants in the offense, such that participation

3  in the act constituted reckless disregard for human life and the victim died as a direct result of the act

4  (Title 18, United States Code, Section 3591(a)(2)(D));

5    (6)    has previously been convicted of a State offense resulting in the death of a person, for

6  which a sentence of life imprisonment was authorized (Title 18, United States Code, Section

7  3592(c)(3));

8    (7)    in committing the offenses described in Counts Six through Eight of this Second

9  Superseding Indictment, the defendant committed the offenses as consideration for the receipt, or in the

10  expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section

11  3592(c)(8));

12    (8)    in committing the offenses described in Counts Six through Eight of this Second

13  Superseding Indictment, the defendant acted after substantial planning and premeditation to cause the

14  death of a person (Title 18, United States Code, Section 3592(c)(9)); and

15    (9)    in committing the offenses described in Counts Six through Eight of this Second

16  Superseding Indictment, the defendant intentionally attempted to kill more than one person in a single

17  criminal episode  (Title 18, United States Code, Section 3592(c)(16)).

18

19  DATED:                                              A TRUE BILL.

20  *august 14, 2014*                          *Nancy J. Peterson*

21                                                          FOREPERSON

22  MELINDA HAAG
   United States Attorney

23

24  *J. Douglas Wilson*

25  J. DOUGLAS WILSON
   Criminal Chief, Criminal Division

26

27  (Approved as to form:                                    )

28                        AUSA William Frentzen
                          AUSA Damali A. Taylor

                                                                                        24