UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALFONZO WILLIAMS,<br>Defendant. | Case No. 3:13-cr-00764-WHO-1<br><br>**PRE-TRIAL SCHEDULE FOR DEFENDANTS GILTON AND MERCADO** |

At the request of defendant Barry Gilton, I have continued the trial that was set to commence on May 14, 2019. I intend to have one trial for the remaining defendant(s). In the event that the charges against Lupe Mercado are resolved by September 16, 2019, I will begin the trial of Barry Gilton on November 4, 2019 at 8:30 a.m. If Ms. Mercado's charges have not been resolved by that date, the trial of Barry Gilton and Lupe Mercado will commence on February 3, 2020 at 8:30 a.m. I will hold a status conference at 1:30 p.m. on September 5, 2019, at which time I will be particularly interested in the parties' estimates of the length of the trial. The parties shall meet and confer to identify any issues that should be discussed at the Status Conference and file a Joint Statement on August 29, 2019.

The remainder of this calendar will apply if the charges against Ms. Mercado have been resolved by September 16, 2019. I will issue a different schedule at that time if the charges against her have not been resolved.

If trial proceeds on November 4, 2019, I plan to give the questionnaire to time-qualified prospective jurors on October 30, 2019, after they have viewed the "juror introduction" and "implicit bias" videos. Counsel for the government and Mr. Gilton will receive one copy of the questionnaires that afternoon. At 1:30 p.m. on November 1, 2019, I will hold a brief hearing to

see if the parties have identified members of the venire who should be dismissed prior to questioning. The lawyers for the parties shall meet and confer no later than 10 a.m. on November 1, 2019, to reach any agreement on such dismissals.

There will be a Pre-Trial Conference on **October 18, 2019 at 1:30 p.m.**

It is my understanding that all of the necessary pre-trial exchanges and submissions have occurred. The following dates apply to the extent new matters have arisen or prior submissions need to be amended because of the changed case status.

**I.　PRE-TRIAL DATES**

**September 20, 2019**:

(i) Jencks Act materials and transcripts[1] produced pursuant to the Heightened Protective Order. Defendant's review date: October 7, 2019.

(ii) Exchange motions in limine. Any party wishing to have motions in limine heard prior to the commencement of trial must exchange, file and serve same in accordance with this Order. All motions in limine shall be contained in one document, limited to 25 pages and prepared in accordance with Civil L. R. 7-2(b), with each motion listed as a subheading. Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings. No reply papers will be considered. The motions will be heard at the first Pre-trial Conference or at such other time as the Court may direct.

**September 27, 2019**:

(i) File motions in limine.

**October 4, 2019**:

(i) File trial memorandum that briefly states the legal bases for the charges and the anticipated evidence, and addresses any evidentiary, procedural, or other anticipated legal issues.

(ii) File proposed jury instructions on all substantive issues and on any procedural issue not adequately covered by the Ninth Circuit Manual of Model Jury Instructions. The submission shall contain both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's

---

[1] Since the defendants speak English, translations of recordings will not be necessary. If any party believes that it will be helpful to the jury to have a transcript of recordings to follow, the transcript should be exchanged by this date to see if agreement can be reached on its accuracy and utility.

authority for seeking the instruction and the opponent's reason for opposition. Counsel shall deliver to Chambers a copy of the joint submission, on a CD/DVD in Word format. The label shall include the case number and a description of the documents. Each requested instruction shall be typed in full on a separate page and citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English, and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.

If the parties wish to have a preliminary statement read to the jury, they shall jointly prepare and file the text of the proposed preliminary statement at least seven days prior to the second Pre-trial Conference.

(iii) Serve and lodge a proposed form of verdict.

(iv) Counsel shall confer and be prepared to discuss with the Court at the first Pre-trial Conference any anticipated evidentiary objections and any means for shortening and simplifying the trial (by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.);

(v) Counsel should submit an agreed upon set of additional requested voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. We will discuss the length of follow up voir dire by counsel at the second Pre-trial Conference.

(vi) File Jury Questionnaires.

(vii) File oppositions to motions in limine.

(viii) Provide lists of recordings.

(ix) Provide non-Jencks impeachment for civilians.

**October 11, 2019**:

(i) File final exhibit list and serve copies of all marked exhibits on all parties. One set of exhibits shall be provided to the Court in Chambers *on the Friday prior to the trial date*, in binders, marked, tabbed, and indexed in accordance with Local Rule 16-10(b)(7). Exhibits shall be identified as follows:

3

<div style="border: 1px solid black; text-align: center;">

United States District Court

Northern District of California

# Trial Exhibit 100

Case No. _____

Date Entered_____

By _____
Deputy Clerk

</div>

Blocks of numbers shall be assigned to fit the needs of the case (e.g., Plaintiff has 1-999, Defendants have 1000 and above). The parties shall not mark duplicate exhibits (e.g., plaintiff and defendant shall not mark the same exhibit; only one copy of the exhibit shall be marked).

Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

(ii) Exchange and lodge with the Court a final witness list, including a brief summary of the testimony of each witness, disclosed pursuant to the Heightened Protective Order; defendants review date is three weeks before trial.

## II. ADDITIONAL MATTERS

A. <u>Trial Days</u>
The normal trial schedule will be from 8:00 a.m. to 1:30 p.m. (or slightly longer to finish a witness), with one fifteen minute break in the morning at 9:45 and a 20 minute break at 11:40 (so that the defendants have time for lunch). Trial is usually held from Monday through Thursday. The lawyers should arrive each day by 7:30 a.m. Side bar conferences will not be allowed absent extraordinary circumstances.

B. <u>Opening Statements</u>
Parties must meet and confer to exchange any visuals, graphics, or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must

be filed in writing by the Thursday before trial. The parties shall be available on the Friday before trial to discuss with the Court any disagreements.

C. Exhibits/Binders
No witness may be shown a document or other object until it has been marked for identification using an exhibit number. Without the express permission of the Court, the jury may not be shown an exhibit until admitted into evidence or stipulated to as admissible by the parties. If a party expects to use more than two documents with a witness, a witness binder shall be prepared for the witness, opposing party and Court.

D. Identification of Witnesses
Witnesses expected to testify shall be identified to the opposing party shall be disclosed to the opposing party no later than 48 hours before the expected testimony, or no later than Fridays at 9 a.m. prior to testimony on Mondays.

E. Copies
Each document filed or lodged with the Court must be accompanied by a three-hole punched copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

F. Transcripts
Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at 415-522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 calendar days prior to the trial date.

G. Change of Plea
Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

**IT IS SO ORDERED.**

Dated: May 14, 2019

William H. Orrick
United States District Judge