UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>BARRY GILTON AND LUPE MERCADO,<br><br>   Defendants. | Case No. 3:13-cr-00764-WHO-1<br><br>**ORDER ON GILTON AND MERCADO MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 2209, 2210 |

Of the eleven defendants indicted in this case, two remain. Barry Gilton and Lupe Mercado are charged with murder in aid of racketeering for the 2012 murder of Calvin Sneed, their underage daughter's pimp, and related crimes. Gilton alone is charged with count one, racketeering for his alleged activities as part of a San Francisco gang known as the Central Divisadero Playas ("CDP"). Before me are the defendants' motions in limine; I resolve them as set forth below.

**I.   GILTON'S MOTIONS**

I ruled on several motions in limine filed by Gilton prior to the second trial in this case, which was scheduled to begin on May 6, 2019. *See generally* Group 2 Motions in Limine [Dkt. No. 2081]. The parties do not raise any new arguments on the matters discussed therein, and those rulings stand.

**A.   MiL No. 1:  Pleas and Convictions**

Gilton first moves to prevent the government from making references to codefendants' guilty pleas and convictions as evidence of his guilt. The government agrees while noting that such evidence would be admissible for impeachment in the event that the codefendants testify. The motion is GRANTED with this caveat.

### B. MiL No. 2: Witness Safety

Next Gilton moves for an order preventing the government from alluding to concerns over witness safety because such references could lead the jury to believe Gilton presents a danger to witnesses. The government objects on the grounds that the request is overbroad, especially given that one of the overt acts attributed to CDP is witness intimidation. I agree with Gilton's motion in principle; in the presence of the jury, the government shall refrain from referring to concerns about the safety of witnesses who are testifying during this trial. This order does not exclude evidence related to overt act j (witness intimidation) as introduced in the first trial. To the extent the government believes that this order would exclude other relevant evidence, it is free to raise that concern outside the presence of the jury during any 7:30 AM attorney conference. The motion is GRANTED as set forth above.

## II. MERCADO'S MOTIONS

### A. MiL No. 1: Severance

Mercado first renews her motion to sever her trial from Gilton's, a request I denied on August 4, 2014. Dkt. No. 120. She raises the same arguments in support of her motion, namely that she is not charged in the RICO conspiracy but rather only with counts related to the Sneed murder. Mercado asserts that limiting instructions will be insufficient to cure the prejudice she will suffer from evidence related to count one. Not only will the frequency of such instructions dull their impact, but the sheer volume of CDP-related evidence will make it difficult for the jury to differentiate Mercado's actions from her various codefendants' actions.

I deny the motion for the same reasons articulated in my prior Order.[1] With the aid of limiting instructions, jurors will be able to understand that Mercado is not charged with count one. In addition, given that Mercado is charged with VICAR murder, the government would have to present evidence of the existence of the RICO enterprise even if Mercado was tried alone. The motion to sever is DENIED.

### B. MiL No. 2: Evidence Related to Count One

Mercado next argues that no evidence related to count one—other than the murder of

---

[1] The government also raises reasons why Mercado's motion is untimely. Oppo. 1-2.

Calvin Sneed—is admissible against her because she is not charged with being a member of CDP. She asks that I admonish the jury throughout the trial that the evidence related "only" to count one should not be considered against her. According to Mercado, there is the following distinction between count one and count two: the first requires the government to prove "a pattern of racketeering" with "voluminous evidence," whereas the second requires the government to prove only that "an enterprise (CDP) affecting interstate commerce existed and that one racketeering activity was engaged in." Mercado Mot. 6. At the hearing, Mercado expressed her belief that any evidence over and above what is needed to prove the enterprise is inadmissible against her.

The government counters that there is "substantial overlap" between counts one and two precisely because count two requires it to prove the existence of a racketeering enterprise. It intends to do so with evidence of actions of CDP members, an approach that finds support in controlling law. *See Boyle v. United States*, 556 U.S. 938, 951 (2009) ("[P]roof of a pattern of racketeering activity may be sufficient in a particular case to permit a jury to infer the existence of an association-in-fact enterprise."); *United States v. Fernandez*, 388 F.3d 1199, 1224 (9th Cir. 2004), *modified,* 425 F.3d 1248 (9th Cir. 2005) ("[C]ommon sense suggests that the existence of an association-in-fact is often-times more readily proven by what it *does,* rather than by abstract analysis of its structure.") (internal quotation marks and formatting omitted). At the hearing, the government also raised its theory that Mercado enlisted members of CDP for help with Sneed precisely because she was aware that they had committed murders and that they responded to disrespect with violence.

The evidence admissible against Mercado to prove count two is not limited to the Sneed murder as she suggests. *See* Mercado Mot. 7 (requesting that I exclude all evidence not related to the murder of Calvin Sneed). The government is not restricted to presenting only the bare-minimum evidence that might be necessary to prove the existence of an enterprise; accordingly, evidence above the bare minimum does not somehow become inadmissible against Mercado. Her motion is DENIED. If Mercado believes that the jury requires additional clarification that she is not charged in count one, she should propose a limiting instruction that communicates as much.

### C. MiL No. 3: Jail Calls

Mercado asks that I exclude all of her jail calls because they are "entirely irrelevant" and "deal only with personal and family matters." The government counters that this motion is overbroad and that I should not take Mercado's word for it that all the calls are irrelevant. I agree; this motion is DENIED WITHOUT PREJUDICE to Mercado challenging the admissibility of any calls the government in fact seeks to introduce. I will address their admissibility on a case-by-case basis outside the presence of the jury.

### D. MiL No. 4: Prior Acts

Mercado argues that I should prevent the government from introducing evidence of any of her prior crimes, wrongs, or other acts because it has provided no notice that it intends to do so. The government indicates that it is not aware of any such evidence that it intends to raise. The motion is GRANTED.

### E. MiL No. 5: Prior Convictions

Finally, Mercado moves to exclude evidence of five prior convictions in the event that she testifies. The government may impeach a testifying defendant with a felony conviction not more than 10 years old if the evidence outweighs its prejudicial effect to that defendant. Fed. R. Evid. 609(a)(1)(B). Courts consider five factors under Rule 609(a)(1): (i) the impeachment value of the prior crime, (ii) the point in time of the conviction and the witness's subsequent history, (iii) the similarity between the past crime and the charged crime, (iv) the importance of the defendant's testimony, and (v) the centrality of the credibility issue. *United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000). As I did with the second group of defendants, I will measure the ten-year rule with the same starting point I used during the first trial. *See* Group 2 Motions in Limine 8.

Although I will defer a specific ruling until such time as Mercado gives notice that she intends to testify, my initial thoughts are as follows. The 2002 conviction is too old to have impeachment value. I will assume the 2006 conviction is a misdemeanor unless the government shows otherwise.[2]

---

[2] In its opposition, the government asserted that Mercado improperly classified a 2006 conviction as a misdemeanor when she in fact pleaded to a felony. At the hearing, counsel for Mercado represented that the documentation she has shows a misdemeanor conviction.

4

I am inclined to treat the 2007 and 2012 convictions for petty theft with a prior as misdemeanors given their reclassification under Proposition 47.[3] That proposition "permits previously-convicted defendants to petition the court for a recall of sentence,' which, if granted, would effectively reclassify their qualifying felonies as misdemeanors." *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016). The statute provides, "A felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes." Cal. Penal Code § 1170.18(k). According to the California Supreme Court, "Proposition 47 was intended to broadly mitigate the collateral penal consequences of certain narcotics and larceny-related offenses so that they could be treated as a misdemeanor for all purposes as to 'to every case to which it constitutionally could apply.'" *People v. Buycks*, 5 Cal. 5th 857, 883 (2018) (quoting *In re Estrada*, 63 Cal. 2d 740, 745 (1965).

The government argues that the reductions have no relevance under Rule 609(c), which provides that evidence of a conviction is not admissible if it "has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated" or "based on a finding of innocence."[4] Fed. R. Civ. P. 609(c)(1)-(2). But Mercado is not arguing that her convictions are inadmissible under the provisions of Rule 609(c); instead, she asserts that the Proposition 47 reclassification means that they are misdemeanors for purposes of Rule 609(a). If they are misdemeanor rather than felony convictions, they are admissible only if the elements of the crime required "a dishonest act or false statement." *See* Fed. R. Evid. 609(a)(2). The government makes no argument that the convictions involved dishonesty or false statement; its arguments are explicitly based on Rule 609(a)(1).[5]

It appears that these convictions should be considered misdemeanors. But as I expressed at the hearing, I am concerned about giving the jury the false impression that Mercado had no criminal history prior to her indictment in this case. Given these considerations, the parties should

---

[3] The reduction for the 2012 conviction was pending at the time of Mercado's motion.

[4] The rule additionally requires that the person not have a later felony conviction. *See id.*

[5] It does assert that depending on my ruling it "will explore whether the particulars of [the] convictions make them admissible under Rule 609(a)(2)."

5

brief these issues in more detail if and when it becomes necessary to do so.

**IT IS SO ORDERED.**

Dated: December 23, 2019



William H. Orrick
United States District Judge